

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-30-2007

# USA v. Santiago

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4728

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Santiago" (2007). *2007 Decisions.* Paper 1178.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1178

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

months imprisonment. His conviction was affirmed on appeal in an unpublished

opinion. See United States v. Santiago, C.A. No. 04-2367 (judgment entered July 19,

2005). In January 2006, Santiago filed a motion pursuant to 28 U.S.C. § 2255, raising

a number of allegations of ineffective assistance of counsel. The District Court denied

the motion on the merits, and this Court denied Santiago's request for a certificate of

appealability. See C.A. No. 06-4367 (order entered Feb. 22, 2007).

Meanwhile, in September 2006, Santiago filed the underlying motion, seeking the

disclosure of all the Jencks material in the government's possession. Santiago stated that

he wanted this material in order to "locate Brady material to support his claim of actual

innocence and ineffective assistance of counsel." See Motion at 4. The District Court

denied the motion, and Santiago appealed.

We have jurisdiction under 28 U.S.C. § 1291. Because this appeal presents us

with no substantial question, we will summarily affirm the District Court's order. See

Third Circuit LAR 27.4 and I.O.P. 10.6.

The Jencks Act requires the government to disclose, on motion of a defendant,

any statement of a government witness that is in the government's possession and relates

to the subject matter of the witness's testimony. See 18 U.S.C. § 3500(b). No statement

of a government witness, however, is discoverable until after the witness has testified on

direct examination at trial. See 18 U.S.C. § 3500(a); see also United States v. Murphy,

569 F.2d 771, 773 (3d Cir. 1978). In this matter, the trial is long over. The time when

Santiago was entitled to request Jencks material has passed. Although Santiago has

months in prison.  His conviction and sentence were affirmed on appeal.  Santiago filed a "Motion to order government to disclose to defendant all Jencks material within their possession."  The District Court denied both the motion and Santiago's motion for reconsideration.  Santiago filed a timely notice of appeal, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

Santiago argues that he needs copies of all statements made by a witness against him at his criminal trial in order to bring a § 2255 motion.  According to the electronic docket for the Eastern District of Pennsylvania, Santiago filed a § 2255 motion on January 19, 2007.  A discovery motion filed in those proceedings is the appropriate vehicle for obtaining such documents if they exist.

Summary action is appropriate if there is no substantial question presented in the appeal.  See Third Circuit LAR 27.4.  For the above reasons, we will summarily affirm the District Court's order.  See Third Circuit I.O.P. 10.6.